UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD.<br>AND<br>ERWIN PEARL, INC.,<br>Plaintiffs<br>*v.*<br>TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA<br>AND<br>ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br>Defendants | CIVIL ACTION NO.:<br>CA 04 212 ML |

**RESPONSE OF DEFENDANT,**
**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,**
**TO PLAINTIFFS' RULE 12.1 STATEMENT**
**OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 12.1 and F.R.C.P. 56, the Defendant, Travelers Casualty & Surety Company of America ("Travelers"), submits this Response to Plaintiffs' Rule 12.1 Statement of Material Facts Not in Dispute.[1]

**Paragraphs 1-4, 6, 8, 10-12, 14-43, 45-46, 48-60, 62:**

For the sole purpose of this Court's consideration of the parties' cross-motions for summary judgment, Travelers does not dispute the factual statements made in Paragraphs 1-4, 6, 8, 10-12, 14-

[1] Travelers generally objects to Erwin Pearl's Rule 12.1 Statement to the extent that Erwin Pearl cites documents and deposition testimony without filing these materials with the court.

43, 45-46, 48-60, and 62 of the Rule 12.1 Statement of Material Facts Not in Dispute of Plaintiffs, Erwin Pearl, Inc. and Armbrust International, Ltd. (collectively "Erwin Pearl"). With regard to the dispute between Erwin Pearl and St. Paul concerning whether the limits of liability of the St. Paul employee dishonesty coverage was $25,000 or $500,000 from October 20, 2002 through February 2003, Travelers states that this dispute has no material bearing on the cross motions for summary judgment filed by Travelers and Erwin Pearl or on whether there is any coverage for the loss at issue under the Travelers Wrap policy. To the extent that any of the purported factual statements in Paragraphs 1-4, 6, 8, 10-12, 14-43, 45-46, 48-60, and 62 of Erwin Pearl's Rule 12.1 Statement contradict or are unsupported by the exhibits and/or deposition materials cited by Erwin Pearl, or state conclusions of law, they are denied. Travelers, however, reserves the right to contest, at trial or in any other context, the factual allegations made in Paragraphs 1-4, 6, 8, 10-12, 14-43, 45-46, 48-60, and 62 of Erwin Pearl's Rule 12.1 Statement.

**Paragraph 5:**

Travelers states that Deposition Exhibit 55 to the Deposition of Vincent R. Capone, Jr., speaks for itself. Travelers does not contest the underlying fact that AON Risk Services, Inc. of Rhode Island was an Authorized Company Representative to the extent reflected in Exhibit 55. To the extent that any of the purported factual statements in Paragraph 5 of Erwin Pearl's Rule 12.1 Statement contradict Deposition Exhibit 55, they are denied. Travelers objects to Erwin Pearl's legal characterization of AON Risk Services, Inc. of Rhode Island as an "agent" of Travelers, because such a conclusion is not supported by the material cited by Erwin Pearl (which it did not provide to the Court). Furthermore, Travelers denies that its employee dishonesty coverage was written on an

"occurrence" basis and says that the proper term for this type of coverage is that it was written on a "loss sustained" basis. For the sole purpose of this Court's consideration of the parties' cross-motions for summary judgment, Travelers does not dispute the remaining factual statements made in Paragraph 5 of Erwin Pearl's Rule 12.1 Statement. Travelers, however, reserves the right to contest, at trial or in any other context, the facts alleged in Paragraph 5 of Erwin Pearl's Rule 12.1 Statement.

**Paragraph 7:**

For the sole purpose of the court's consideration of the parties' cross-motions for summary judgment, Travelers does not contest Erwin Pearl's assertion that Boylan Capone, Inc. and The Preston Agency were authorized by Travelers to solicit, bind, execute and service insurance policies and endorsements, subject to applicable underwriting standards and rules. Travelers, however, objects to Erwin Pearl's legal characterization of Boylan Capone, Inc. and The Preston Agency as "agents" of Travelers for any other purpose, because such a conclusion is not supported by the material cited by Erwin Pearl. Boylan Capone, Inc. and The Preston Agency were independent insurance agents who were at all times solely representing the interests of their client, Erwin Pearl, in connection with any advice that Boylan Capone, Inc. and The Preston Agency rendered or should have rendered to Erwin Pearl regarding the purchase of insurance (see Travelers' Rule 12.1 Statement of Material Facts Not in Dispute, ¶¶ 13-14). For the sole purpose of this Court's consideration of the parties' cross-motions for summary judgment, Travelers does not dispute the remaining factual statements made in Paragraph 7 of Erwin Pearl's Rule 12.1 Statement. Travelers,

however, reserves the right to contest, at trial or in any other context, the facts alleged in Paragraph 7 of Erwin Pearl's Rule 12.1 Statement.

**Paragraph 9:**

Travelers states that Deposition Exhibit 57 to the Deposition of Vincent R. Capone, Jr., speaks for itself. For the sole purpose of the court's consideration of the parties' cross-motions for summary judgment, Travelers does not contest the assertion that Travelers authorized The Preston Agency to solicit, bind, execute and service insurance policies and endorsements, including Wrap CSL Liability policies, subject to applicable underwriting standards and rules. Travelers objects to Erwin Pearl's legal characterization of The Preston Agency as Travelers' "agent" with respect to Erwin Pearl's procurement of the subject Travelers' policy, because such a conclusion is not supported by the material cited by Erwin Pearl. Boylan Capone, Inc. and The Preston Agency were independent insurance agents who were at all times solely representing the interests of their client, Erwin Pearl, in connection with any advice that Boylan Capone, Inc. and The Preston Agency rendered or should have rendered to Erwin Pearl regarding the purchase of insurance (see Travelers' Rule 12.1 Statement of Material Facts Not in Dispute, ¶¶ 13-14). For the sole purpose of the court's consideration of the parties' cross-motions for summary judgment, Travelers does not dispute the remaining factual statements made in Paragraph 9 of Erwin Pearl's Rule 12.1 Statement. Travelers, however, reserves the right to contest, at trial or in any other context, the facts alleged in Paragraph 9 of Erwin Pearl's Rule 12.1 Statement.

**Paragraph 13:**

Travelers disputes the factual statements made in Paragraph 13 of Plaintiffs' Rule 12.1 Statement to the extent it purports to set forth anything other than the "understanding and belief" of Erwin Pearl. Insofar as there are statements which set forth legal conclusions that will be made by the Court, such as those regarding the question of the construction of the insurance policies issued by Travelers to Erwin Pearl, in particular, whether the "coverage afforded by the St. Paul policy for Employee Theft and Dishonesty was materially different in any way from the coverage afforded under the Travelers' commercial crime policy," Travelers disputes the statements proffered by Erwin Pearl and relies on the plain language of the policies to support its dispute of Erwin Pearl's statements. Moreover, although it is immaterial to this dispute whether Erwin Pearl believed, based upon representations by Preston, that the "coverage"provided by the Travelers 1999-2000 and 2000-2001 Commercial Crime policies was "equivalent" to the coverage provided by the 2001-2002 St. Paul Premier Property Protection policy, the deposition testimony cited by Erwin Pearl does not support the allegations of this paragraph. Although Mr. Brozost testified that the "general concept" was that he wanted "equivalent" coverage under any new policy, he could not recall a single conversation with anyone at Preston regarding whether the coverages were "equivalent." (Brozost Deposition, Exhibit A, p. 13, lines 15-25; p. 14, lines 1-25). Mr. Brozost did not testify that Vince Capone or anyone else at Preston told him that the coverages were "equivalent." Mr. Brozost further testified that he did not review the terms of either the St. Paul or Travelers policies before deciding to change employee dishonesty coverage from Travelers to St. Paul in 2001. (Brozost Deposition, Exhibit A, p. 15, lines 1-6).

**Paragraph 44:**

As an initial matter, the court should disregard the first three sentences of this paragraph because the statements in these sentences are not supported whatsoever by the deposition testimony cited by Erwin Pearl. In addition, Erwin Pearl grossly misrepresented in Paragraph 44 what was Mr. Capone's testimony's concerning whether the St. Paul and Travelers employee dishonest policy was "essentially equivalent." Erwin Pearl states that, "both Judy Wright and Vincent Capone of Preston believed and understood that the coverages [the Travelers policy and the predecessor St. Paul policy] were essentially equivalent, written on an occurrence basis." In support of this statement, Erwin Pearl cites a passage from Mr. Capone's deposition transcript wherein Mr. Capone acknowledged that he, "was under the belief that the coverage that Erwin Pearl had for employee dishonesty [from Travelers] was essentially equivalent to what it had in the prior year [from St. Paul] . . ." Shortly thereafter, however, Mr. Capone was asked to clarify his response:

> Q. Mr. Capone, not all that long ago, Mr. Snow asked you whether you believe that the coverage that Erwin Pearl ended up getting for the 2001-2002, 2002-2003 policy years were equivalent and you said that is correct. Do you recall that testimony?
>
> A. Yes.
>
> Q. When you were referring to equivalence in that answer, were you talking about anything other than policy limits?
>
> A. No.

(Capone Deposition, Exhibit B, p. 308). Erwin Pearl also cites five pages of Ms. Wright's deposition testimony to support its claim that Ms. Wright believed that the St. Paul and Travelers

policy terms were "essentially equivalent, written on an occurrence basis." Ms. Wright's testimony, however, does not support this factual allegation. Ms. Wright testified as follows:

> Q. Apart from the fact that the premium was less with the Travelers policy, were you aware at this time of any other differences in the coverages that would have been afforded the insured?
>
> A. I was not aware of anything with regard to an issued policy. I hadn't seen one.

(Wright Deposition, Exhibit C, p. 92, lines 106). Ms. Wright later acknowledged that she did not even consider whether there were any differences between the St. Paul and Travelers policy forms:

> Q. At the time that you informed Mr. Brozost that Travelers had agreed to afford coverage for employee theft under the commercial crime policy, did you consider any differences in the coverage afforded under that Travelers policy and the coverage afforded under the St. Paul policy?
>
> [Objections omitted.]
>
> A. I did not recognize any, I didn't—it wasn't anything that I did. I did not.
>
> Q. My question is, did you consider it. You didn't?
>
> A. No.

(Wright Deposition, Exhibit C, p. 117, lines 3-16). Thus, Ms. Wright did not even consider what were the differences in coverage provided by the St. Paul and Travelers employee dishonesty coverages, much less form an opinion that the trigger of coverages in the two distinct policies were the same.

Moreover, Travelers contests the allegation that the Travelers policy is "excess" over the St. Paul coverage. While it is true that, for the periods that the coverages may have overlapped, the St.

Paul policy had a limit of $25,000 for employee dishonesty and the Travelers policy had a $25,000 retention amount, the policies do not "follow form" and are, in fact, significantly different (*compare* Exhibit A to Plaintiff's Rule 12.1 Statement *with* Exhibit B to Plaintiff's Rule 12.1 Statement). Vincent Capone testified that when he used the term "excess" coverage to refer to the Travelers policy, he was only referring to the fact that the Travelers policy attached at the policy limit of the St. Paul coverage (see Capone Deposition, Exhibit B, p. 92, lines 10-25; p. 93, lines 1-18).

For the sole purpose of the court's consideration of the parties' cross-motions for summary judgment, Travelers does not dispute the remaining factual statements made in Paragraph 44 of Erwin Pearl's Rule 12.1 Statement. Travelers, however, reserves the right to contest the facts alleged in Paragraph 44 of Erwin Pearl's Rule 12.1 Statement at trial or in any other context.

**Paragraph 47:**

Travelers contests the allegation that the Travelers policy is "excess" over the St. Paul coverage for the reasons noted above. When Vincent Capone used the term "excess" coverage to refer to the Travelers policy, such as in Exhibit 49, he was only referring to the fact that the St. Paul policy attached at the policy limit of the St. Paul coverage (see Capone Deposition, Exhibit B, p. 92, lines 10-25; p. 93, lines 1-18).

**Paragraph 61:**

Travelers does not contest the authenticity of the correspondence attached as Exhibit B to Plaintiff's Complaint, a March 23, 2004 letter from the undersigned counsel to Michael Brozost of Erwin Pearl. Travelers states that the document speaks for itself. Travelers notes that in the March

23, 2004, correspondence, attached as Exhibit B to Plaintiffs' Complaint, Travelers explained that the Loss Sustained During Prior Insurance Provision did not apply to the losses suffered as a result of the Gardner embezzlement because the loss was not discovered during the time required by the earlier policies and for other reasons, as set forth more fully in the March 23, 2004, correspondence. To the extent that any of the purported factual statements in Paragraph 61 of Erwin Pearl's Rule 12.1 Statement contradict the March 23, 2004 correspondence, they are denied.

**Dated:** 9-15-05

Respectfully submitted,

**Travelers Casualty & Surety Company of America**, Defendant,

By: ______________________
John J. Flanagan [RI Bar #3099]
2348 Post Road
Warwick, RI 02886
(401) 732-4480/(508) 541-6050 (fax)

**CO-COUNSEL:**

______________________
Mark E. Cohen, Esq. [MA BBO # 089800]
Robert J. Maselek, Jr. [MA BBO#564690]
**The McCormack Firm, LLC**
One International Place - 7th Floor
Boston, MA 02110
Tel: (617) 951-2929
Fax: (617) 951-2672

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th day of September, 2005, to:

Robert K. Taylor, Esq.
**Partridge Snow & Hahn LLP**
180 South Main Street
Providence, RI 02903-7120

Anthony R. Zelle
**Denner O'Malley LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114

Stephen H. Burke, Esq
**Ratcliffe Burke Harten & Elias, LLP**
1600 Financial Plaza
Providence, RI 02903

Robert J. Maselek, Jr.

77050.1