UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD. and ERWIN PEARL, INC., Plaintiffs, | |
| v. | C.A. No. 04-212 ML |
| THE ST. PAUL TRAVELERS COMPANIES, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendants. | |

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS**

St. Paul Fire and Marine Insurance Company ("St. Paul F&M"), respectfully moves for summary judgment as to all of Plaintiffs' claims against it. In Count III of the Complaint, Plaintiffs seek a declaration of the parties' respective rights and obligations under two insurance policies issued by St. Paul F&M in connection with a loss resulting from an embezzlement scheme spanning three (3) years that was perpetrated by their former employee.

For the reasons set forth within its Rule 12.1 Statement in Support of Its Cross Motion for Summary Judgment and its Memorandum of Law in Support of Its Cross Motion for Summary Judgment, both of which are expressly incorporated herein by reference, St. Paul F&M is entitled to summary judgment in its favor. As a matter of law, there is no coverage afforded under the first policy issued by St. Paul F&M, and St. Paul F&M has fully discharged its obligations under the second policy by paying the policy limit for employee dishonesty.

Respectfully submitted,

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

By its attorneys,

Stephen H. Burke RI Bar I.D. No. 2759
**Ratcliffe, Burke, Harten & Ellis, LLP**
1600 Financial Plaza
Providence, RI 02903
401-331-3400
Fax: 401-331-3440

Anthony R. Zelle, BBO # 548141
**Denner O'Malley, LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

Dated: September 16, 2005

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of September, 2005, to:

| | |
|---|---|
| Robert K. Taylor, Esq.<br>**Partridge Snow & Hahn LLP**<br>180 South Main Street<br>Providence, RI 02903-7120 | Mark E. Cohen, Esq.<br>**The McCormack Firm, LLC**<br>One International Place - 7th Floor<br>Tel: (617) 951-2929<br>Fax: (617) 951-2672 |
| Anthony R. Zelle, Esq.<br>**Denner O'Malley, LLP**<br>Four Longfellow Place, 35th Floor<br>Boston, MA 02114 | John J. Flanagan, Esq.<br>2348 Post Road<br>Warwick, RI 02886<br>(401) 732-4480<br>(508)541-6050(fax) |
| | |

Margaret M. Panosian

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD. and ERWIN PEARL, INC., Plaintiffs, | |
| v. | C.A. No. 04-212 ML |
| THE ST. PAUL TRAVELERS COMPANIES, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendants. | |

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 12.1, defendant, St. Paul Fire and Marine Insurance Company ("St. Paul F&M"), respectfully submits this memorandum in support of its cross-motion for summary judgment against Armbrust International, Ltd. ("Armbrust") and Erwin Pearl, Inc. ("Pearl") (collectively, "Plaintiffs"). In this litigation, in relevant part, Plaintiffs seek a declaration of the parties' respective rights and obligations pursuant to two consecutive insurance policies issued by St. Paul F&M to Pearl in connection with a loss resulting from an embezzlement scheme spanning three (3) years that was perpetrated by an Armbrust employee. (Armbrust is an additional insured under the policies.)

St. Paul F&M is entitled to summary judgment in its favor because there is no coverage afforded under the first policy issued by St. Paul F&M and St. Paul F&M has discharged all of its obligations under the latter policy by full payment to Plaintiffs of its applicable coverage limit for loss emanating from employee dishonesty.

## SUMMARY OF UNDISPUTED MATERIAL FACTS

**Policy Language Material to this Motion.**

St. Paul F&M issued two consecutive property insurance policies to Plaintiffs. The effective dates of the policies are October 20, 2001 to October 20, 2002 (the "2001 Policy"),[1] and October 20, 2002 to October 20, 2003 (the "2002 Policy").[2] Both policies include, *inter alia*, the St. Paul Premier Property Protection Insuring Agreement (the "Insuring Agreement").

In defining the scope of coverage, the Insuring Agreement, provides, in relevant part:

> We'll protect covered property against risks of direct physical loss or damage except as indicated in the Exclusions – Losses We Won't Cover section.

(2001 Policy, Form F0150, Ed. 1-98, Page 2 of 19, and 2002 Policy, Form F0150, Rev. 7-01, Page 2 of 22.) Both policies also include sections governing additional coverages or benefits. In the 2001 Policy, one of the "Additional Coverages" is entitled "Employee Dishonesty." It provides, in relevant part:

> We'll pay for loss or damage to money, securities and other covered business person property that results directly from employee dishonesty.
>
> But we won't pay more than the additional benefit limit for employee dishonesty shown in the Coverage Summary.

(2001 Policy, Form F0150, Ed. 1-98, p. 6.) As used therein, "Employee Dishonesty" means only dishonest acts committed by an employee whether identified or not while acting alone or with other persons, with the intent to:

- Cause you a loss; and
- Obtain personal benefit; or

[1] True and accurate copies of the relevant excerpts from the 2001 Policy are attached to the Transmittal Affidavit of Anthony R. Zelle ("Zelle Affidavit") as Exhibit 1.

[2] True and accurate copies of the relevant excerpts from the 2002 Policy are attached to the Zelle Affidavit as Exhibit 2.

- Obtain financial benefit for any person or organization intended by the employee to receive the benefit.

(2001 Policy, Form F0150, Ed. 1-98, Page 6 of 19.)

The "Additional Benefits" coverage in the 2002 Policy contains a section similarly entitled "Employee Theft," which provides, in relevant part:

> We'll pay for loss or damage to money, securities or other property resulting directly from theft by any of your employees. This can be money, securities or other property you own or that you're holding, whether or not you are liable for its loss. But we won't pay more than the additional benefit limit for employee theft shown in the Coverage Summary.
>
> This protection applies only when there is evidence that the employee meant to cause you a loss. This evidence must also show that the employee intended that he or she or another person or organization would get some unearned financial benefit.

(2002 Policy, Form F0150, Rev. 7-01, Page 7 of 22.)

The policy limit applicable to the Employee Dishonesty Additional Benefit in the 2001 Policy is $500,000.00. (2001 Policy, Form F0173 Ed. 1-98.) By contrast, the policy limit applicable to the Employee Theft Additional Benefit in the 2002 Policy is $25,000. (2002 Policy, Form F0173 Rev. 7-01; see also, Plaintiffs' Complaint, ¶ 11 ("[B]y an endorsement . . . the limits of liability for some of the St. Paul coverages were reduced, in return for a premium refund of $23,616. Among the changes that took place at this time was a reduction in the Employee Dishonesty limits of liability to $25,000.").)

**Theft of Funds by the Insured's Employee.**

Between April, 2000 and May 8, 2003, Michelle Kyles Gardner ("Ms. Gardner") was employed as a Human Resource Manager by Armbrust. (Plaintiff's Complaint, ¶¶ 15-16.) Between May 4, 2000 and May 1, 2003, Ms. Gardner embezzled company funds through the issuance of checks to employees who were no longer with the company or were on temporary

leave of absence. (Id.) She also embezzled funds through the issuance of checks to employees for vacation pay. (Id.) With respect to all of the checks, Ms. Gardner fraudulently endorsed the checks in the name of the payee and either cashed them or deposited them in an account at Pawtucket Credit Union. (Id.)

Plaintiffs contend that they did not discover Ms. Gardner's thefts until May, 2003. (Id.) Plaintiffs further contend that as of that time, the total amount of loss sustained by them was $323,203.67. (Id., ¶ 17.)

**St. Paul F&M's Coverage Determination.**

On March 24, 2004, upon investigation and consideration of the facts and circumstances surrounding Plaintiffs loss, St. Paul F&M issued its coverage determination (the "Coverage Determination").[3] Specifically, St. Paul F&M concluded that there was coverage available under the 2002 Policy, but not under the 2001 Policy. (Coverage Determination, p. 1.) Plaintiffs did not contest this coverage determination and, in fact, have adopted and advocated the law supporting St. Paul F&M's decision. (See Plaintiff's Complaint, ¶¶ 18-19 and Plaintiffs Memorandum of Law in Support of its Motion for Summary Judgment, pp. 5-7.)

## ARGUMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Stebbins v. Wells*, 766 A.2d 369, 372 (R.I. 2001). Here, the undisputed factual record demonstrates that there is no genuine issue of material fact, and that St. Paul F&M is entitled to judgment as a matter of law.

[3] A true and accurate copy of the Coverage Determination is attached to the Zelle Affidavit as Exhibit 3.

**A. Coverage Under the 2001 Policy Was Not Triggered.**

Plaintiffs do not dispute St. Paul F&M's coverage analysis. To the contrary, they embrace it in arguing that they are entitled to summary judgment on their claims against the co-Defendant, Travelers Casualty and Surety Company of America ("Travelers"). (Plaintiffs Memorandum of Law in Support of Motion for Partial Summary Judgment (hereafter, "Plaintiff's Brief"), p. 5-7.)

Indeed, Plaintiffs expressly argue that their entire loss—*i.e.*, all loss sustained from the thefts committed by Ms. Gardner from May 2000 through May 2003—is covered under the Employee Dishonesty coverage of a policy issued to them by Travelers for the period February 25, 2003 through March 12, 2003. (Id.) In support of this contention, Plaintiffs specifically argue that "[u]nder Rhode Island law, a property loss 'occurs' for the purpose of triggering insurance coverage when the loss 'manifests itself or is discovered or in the exercise of reasonable diligence is discoverable.'" (Id., pp. 5-6, quoting, *CPC International, Inc. v. Northbrook Excess & Surplus Insurance Co.*, 668 A.2d 647, 650 (R.I. 1995); also citing, *Textron, Inc. v. Aetna Casualty & Surety Co.*, 754 A.2d 742, 746 (R.I. 2000).

In taking this position, Plaintiffs concede and adopt the propriety of St. Paul F&M's determination that since Ms. Gardner's thefts were not discovered until May 2003, only coverage under the 2002 Policy was triggered. Thus, as a matter of law, St. Paul F&M is entitled to a declaration that it owes no obligations to Plaintiffs under the 2001 Policy for loss resulting from Ms. Gardener's thefts.

**B. St. Paul F&M Has Fully Discharged Its Obligations Under the 2002 Policy.**

By conceding and adopting the propriety of St. Paul F&M's determination that only the 2002 Policy was triggered, Plaintiffs consequently concede that St. Paul F&M is entitled to

judgment in its favor on Plaintiffs' claim under that policy. It is undisputed that the Employee Dishonesty limit of liability under the 2002 Policy is $25,000.00. (Plaintiffs' Complain, ¶ 11.) It is also undisputed that on or about March 24, 2004, St. Paul F&M issued a check to Plaintiffs in the full amount of that limit. (Coverage Determination, ¶ 4.) Thus, having paid Plaintiffs the contractual coverage limit for employee dishonesty, St. Paul F&M is entitled to a declaration that it owes no further obligations to Plaintiffs under that policy for loss resulting from Ms. Gardener's thefts.

## Conclusion

**Wherefore**, for the foregoing reasons, St. Paul F&M is entitled to judgment in its favor on all claims against it in this action.

Respectfully submitted,

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

By its attorneys,

Stephen H. Burke RI Bar I.D. No. 2759
**Ratcliffe, Burke, Harten & Ellis, LLP**
1600 Financial Plaza
Providence, RI 02903
401-331-3400
Fax: 401-331-3440

Anthony R. Zelle, BBO # 548141
**Denner O'Malley, LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

Dated: September 16, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of September, 2005, to:

| | |
|---|---|
| Robert K. Taylor, Esq.<br>**Partridge Snow & Hahn LLP**<br>180 South Main Street<br>Providence, RI 02903-7120 | Mark E. Cohen, Esq.<br>**The McCormack Firm, LLC**<br>One International Place - 7th Floor<br>Tel: (617) 951-2929<br>Fax: (617) 951-2672 |
| Anthony R. Zelle, Esq.<br>**Denner O'Malley, LLP**<br>Four Longfellow Place, 35th Floor<br>Boston, MA 02114 | John J. Flanagan, Esq.<br>2348 Post Road<br>Warwick, RI 02886<br>(401) 732-4480<br>(508)541-6050(fax) |
| | |

Margaret M. Panosian