UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD. and ERWIN PEARL, INC., Plaintiffs, | |
| v. | C.A. No. 04-212 ML |
| THE ST. PAUL TRAVELERS COMPANIES, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendants. | |

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RULE 12.1 STATEMENT**
**<u>IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT</u>**

1. St. Paul F&M issued two (2) consecutive property insurance policies to Plaintiffs. The effective dates of the policies are October 20, 2001 to October 20, 2002 (the "2001 Policy"),[1] and October 20, 2002 to October 20, 2003 (the "2002 Policy").[2]

2. In defining the scope of coverage, both policies provide, in relevant part:

> We'll protect covered property against risks of direct physical loss or damage except as indicated in the Exclusions – Losses We Won't Cover section.

(2001 Policy, Form F0150, Ed. 1-98, Page 2 of 19, and 2002 Policy, Form F0150, Rev. 7-01, Page 2 of 22.)

3. In the 2001 Policy, one of the "Additional Coverages" is entitled "Employee Dishonesty." It provides, in relevant part:

---

[1] True and accurate copies of the relevant excerpts from the 2001 Policy are attached to the Transmittal Affidavit of Anthony R. Zelle ("Zelle Affidavit") as Exhibit 1.

[2] True and accurate copies of the relevant excerpts from the 2002 Policy are attached to the Zelle Affidavit as Exhibit 2.

> We'll pay for loss or damage to money, securities and other covered business person property that results directly from employee dishonesty.
>
> But we won't pay more than the additional benefit limit for employee dishonesty shown in the Coverage Summary.

(2001 Policy, Form F0150, Ed. 1-98, p. 6.)

4. As used therein, "Employee Dishonesty" means only dishonest acts committed by an employee whether identified or not while acting alone or with other persons, with the intent to:

- •• Cause you a loss; and
- •• Obtain personal benefit; or
- •• Obtain financial benefit for any person or organization intended by the employee to receive the benefit.

(2001 Policy, Form F0150, Ed. 1-98, Page 6 of 19.)

5. The "Additional Benefits" coverage in the 2002 Policy contains a section similarly entitled "Employee Theft," which provides, in relevant part:

> We'll pay for loss or damage to money, securities or other property resulting directly from theft by any of your employees. This can be money, securities or other property you own or that you're holding, whether or not you are liable for its loss. But we won't pay more than the additional benefit limit for employee theft shown in the Coverage Summary.
>
> This protection applies only when there is evidence that the employee meant to cause you a loss. This evidence must also show that the employee intended that he or she or another person or organization would get some unearned financial benefit.

(2002 Policy, Form F0150, Rev. 7-01, Page 7 of 22.)

6. The policy limit applicable to the Employee Dishonesty Additional Benefit in the 2001 Policy is $500,000.00. (2001 Policy, Form F0173 Ed. 1-98.)

7. The policy limit applicable to the Employee Theft Additional Benefit in the 2002 Policy is $25,000. (2002 Policy, Form F0173 Rev. 7-01; see also, Plaintiffs' Complaint, ¶ 11

("[B]y an endorsement . . . the limits of liability for some of the St. Paul coverages were reduced, in return for a premium refund of $23,616. Among the changes that took place at this time was a reduction in the Employee Dishonesty limits of liability to $25,000.").)

8. Between April, 2000 and May 8, 2003, Michelle Kyles Gardner ("Ms. Gardner") was employed as a Human Resource Manager by Armbrust. (Plaintiff's Complaint, ¶¶ 15-16.)

9. Between May 4, 2000 and May 1, 2003, Ms. Gardner embezzled company funds through the issuance of checks to employees who were no longer with the company or were on temporary leave of absence. (Id.)

10. She also embezzled funds through the issuance of checks to employees for vacation pay. (Id.)

11. With respect to all of the checks, Ms. Gardner fraudulently endorsed the checks in the name of the payee and either cashed them or deposited them in an account at Pawtucket Credit Union. (Id.)

12. Plaintiffs contend that they did not discover Ms. Gardner's thefts until May, 2003. (Id.)

13. Plaintiffs further contend that as of that time, the total amount of loss sustained by them was $323,203.67. (Id., ¶ 17.)

14. On March 24, 2004, upon investigation and consideration of the facts and circumstances surrounding Plaintiffs loss, St. Paul F&M issued its coverage determination (the "Coverage Determination").[3]

15. Specifically, St. Paul F&M concluded that there was coverage available under the 2002 Policy, but not under the 2001 Policy. (Coverage Determination, p. 1.)

[3] A true and accurate copy of the Coverage Determination is attached to the Zelle Affidavit as Exhibit 3.

16. St. Paul F&M grounded this conclusion upon its belief that, under Rhode Island law, "a claim for property damage is covered under the policy that is in effect when the damage manifests itself, is discovered or, in the exercise of reasonable diligence is discoverable." (Id., ¶ 3.)

17. Therefore, as Plaintiffs did not discover Ms. Gardner's thefts until May of 2003, St. Paul F&M advised that coverage for the loss was only triggered under the policy in effect at that time—*i.e.*, the 2002 Policy. (Id.)

18. Moreover, as the amount of loss sustained by Plaintiffs greatly exceeded the 2002 Policy's $25,000 employee theft coverage limit, on or about March 24, 2004, St. Paul F&M issued a check to Plaintiffs in the full amount of that limit. (Id., ¶ 4.)

Respectfully submitted,

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

By its attorneys,

Stephen H. Burke RI Bar I.D. No. 2759
**Ratcliffe, Burke, Harten & Ellis, LLP**
1600 Financial Plaza
Providence, RI 02903
401-331-3400
Fax: 401-331-3440

Anthony R. Zelle, BBO # 548141
**Denner O'Malley, LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

Dated: September 16, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of September, 2005, to:

| | |
|---|---|
| Robert K. Taylor, Esq.<br>**Partridge Snow & Hahn LLP**<br>180 South Main Street<br>Providence, RI 02903-7120 | Mark E. Cohen, Esq.<br>**The McCormack Firm, LLC**<br>One International Place - 7th Floor<br>Tel: (617) 951-2929<br>Fax: (617) 951-2672 |
| Anthony R. Zelle, Esq.<br>**Denner O'Malley, LLP**<br>Four Longfellow Place, 35th Floor<br>Boston, MA 02114 | John J. Flanagan, Esq.<br>2348 Post Road<br>Warwick, RI 02886<br>(401) 732-4480<br>(508)541-6050(fax) |
| | |

Margaret M. Panosian