UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARMBRUST INTERNATIONAL, LTD. and ERWIN PEARL, INC., Plaintiffs, | ) | |
| v. | ) | Case No. CA-04 212 ML |
| THE ST. PAUL TRAVELERS COMPANIES, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendants. | ) | |

**ST. PAUL FIRE & MARINE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' RULE 12.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 12.1 and F.R.C.P. 56, the Defendant, St. Paul Fire & Marine Insurance Company ("St. Paul"), submits this Response to Plaintiffs' Rule 12.1 Statement of Material Facts Not in Dispute.[1]

1. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

2. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

3. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

[1] Travelers generally objects to Erwin Pearl's Rule 12.1 Statement to the extent that Erwin Pearl cites documents and deposition testimony without filing these materials with the court.

4. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

5. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, insofar as there are statements which set forth legal conclusions that will be made by the Court, such as those regarding the question of agency and the construction of an insurance policy, St. Paul disputes the statements proffered by Plaintiffs to the extent they are material to any legal issue that may affect St. Paul.

6. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

7. St. Paul disputes the general statement that Boylan Capone, Inc. and The Preston Agency was an authorized agent of St. Paul. St. Paul does not dispute that Boylan Capone, Inc. and The Preston Agency limited authority to solicit, bind, execute and service insurance policies and endorsements, subject to applicable underwriting standards and rules. St. Paul objects to Erwin Pearl's legal characterization of Boylan Capone, Inc. and The Preston Agency as "agents" of St. Paul for any other purpose, because such a conclusion is not supported by the material cited by Erwin Pearl. Boylan Capone, Inc. and The Preston Agency were independent insurance agents who were at all times solely representing the interests of their client, Erwin Pearl, in connection with any advice that Boylan Capone, Inc. and The Preston Agency rendered or should have rendered to Erwin Pearl regarding the purchase of insurance. For the sole purpose of this Court's consideration of the parties' cross-motions for summary judgment, St. Paul does not dispute the remaining factual statements made in Paragraph 7 of Erwin Pearl's Rule 12.1 Statement. St. Paul, however, reserves the right to contest, at trial or in any other context, the

facts alleged in Paragraph 7 of Erwin Pearl's Rule 12.1 Statement. Finally, St. Paul states that the facts asserted in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment.

8. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, however, St. Paul states that the facts asserted in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment.

9. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, insofar as there are statements which set forth legal conclusions that will be made by the Court, such as those regarding the question of agency and the construction of an insurance policy, St. Paul disputes the statements proffered by Plaintiffs to the extent they are material to any legal issue that may affect St. Paul.

10. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts asserted in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment.

11. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement. Insofar as there are statements which set forth legal conclusions that will be made by the Court, such as those regarding the construction of the insurance policy, St. Paul does not dispute the statements proffered by Plaintiffs to the extent they are consistent with St. Paul's determination that there is no coverage afforded under the insurance policy issued by St. Paul to Plaintiffs for the period effective October 20, 2001 and October 20, 2002, Policy No. CK05700250, for the claim that is the subject of this litigation.

12. St. Paul disputes the factual statements made in this paragraph of Plaintiffs' Rule 12.1

Statement to the extent it purports to set forth anything other than the "understanding and belief" of The Preston Agency. Insofar as there are statements which set forth legal conclusions that will be made by the Court, such as those regarding the question of the construction of the insurance policies issued by St. Paul to Plaintiffs, in particular, whether the "coverage afforded by the St. Paul policy for Employee Theft and Dishonesty was materially different in any way from the coverage afforded under the Travelers' commercial crime policy," St. Paul disputes the statements proffered by Plaintiffs and relies on the plain language of the policies to support its dispute of Plaintiffs statements. Further responding, St. Paul states that the facts asserted in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment.

13. St. Paul disputes the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement to the extent it purports to set forth anything other than the "understanding and belief" of Plaintiffs. Insofar as there are statements which set forth legal conclusions that will be made by the Court, such as those regarding the question of the construction of the insurance policies issued by St. Paul to Plaintiffs, in particular, whether the "coverage afforded by the St. Paul policy for Employee Theft and Dishonesty was materially different in any way from the coverage afforded under the Travelers' commercial crime policy," St. Paul disputes the statements proffered by Plaintiffs and relies on the plain language of the policies to support its dispute of Plaintiffs statements. Moreover, the deposition testimony cited by Erwin Pearl does not support the allegations of this paragraph. Although Mr. Brozost testified that the "general concept" was that he wanted "equivalent" coverage under any new policy, he could not recall a single conversation with anyone at Preston regarding whether the coverages were "equivalent." (Brozost Deposition, Exhibit A, p. 13, lines 15-25; p. 14, lines 1-25). Mr. Brozost did not testify

that Vince Capone or anyone else at Preston told him that the coverages were "equivalent." Mr. Brozost further testified that he did not review the terms of either the St. Paul or Travelers policies before deciding to change employee dishonesty coverage from Travelers to St. Paul in 2001. (Brozost Deposition, Exhibit A, p. 15, lines 1-6). Further responding, St. Paul states that the facts asserted in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment.

14. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits in the August 19, 2002 correspondence, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

15. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in their motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits when Vincent Capone met with Stanley Wright on September 27, 2002, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that

reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

16. Although the facts set forth in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment, St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement, except for the statement that "St. Paul insisted . . . ." During the October 7, 2002, meeting Stanley Wright and Judith Wright discussed St. Paul's ***proposal***. St. Paul did not, and could not "insist" that Plaintiffs accept the proposal. Further responding, St. Paul states that although there was no mention of any change of policy limits when Judith Wright met with Stanley Wright on October 7, 2002, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

17. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement, however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits in the notice dated September 19, 2002, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2,

pp. 13:3-13; Deposition Exhibit 49.)

18. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in their motion for summary judgment.

19. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs' motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits in the October 9, 2002 correspondence from Stanley Wright to Judith Wright, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

20. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits in the October 9, 2002 correspondence from Stanley Wright to Judith Wright, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

21. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

22. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits in the October 9, 2002 correspondence from Stanley Wright to Judith Wright, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

23. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment. Further responding, St. Paul states that although there was no mention of any change of policy limits in the October 9, 2002 correspondence from Stanley Wright to Judith Wright, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000. (See Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49.)

24. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs'

Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

25. St. Paul disputes the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement, in particular, the statement that "Judy Wright asked Stanley Wright of St. Paul to increase the Employee Theft and Dishonesty coverage to $500,000 . . . ." Exhibit 38, relied upon by Plaintiffs for this statement reads as follows: "**Can you** increase the Crime coverage A [a different and distinct coverage benefit from the Employee Theft and Dishonesty coverage provided by the St. Paul Policy No. CK05700250] to $500,000 . . . ." (Emphasis added.) Further responding, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

26. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

27. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

28. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the indication that there was a $500,000 limit of coverage for the additional benefit of Employee Theft and Dishonesty was a mistake. See Deposition Exhibit 76, a memo from Judith Wright to Stanley Wright dated April 8, 2003, stating: "Your schedule of additional benefits shows employee theft at $500,000 limit. You want to fix that." See also, Judith Wright Deposition, Vol. 2, pp. 13:3-13; Deposition Exhibit 49, "by

virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000; See also, Ex. 85, the certified copy of policy, which includes an endorsement processed on April 18, 2003, that correctly states that the limit of coverage for the additional benefit of Employee Theft and Dishonesty is $25,000.

29. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the language from the St. Paul policy that is quoted in this paragraph is incomplete.

30. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

31. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

32. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment. Further answering, St. Paul states that the endorsement referenced in this paragraph did not change the terms of the policy that were agreed to by Plaintiffs. It was the mutual intent of the parties that the additional benefit of coverage for Employee Theft and Dishonesty did not include precious metals. (See Judith Wright Deposition, pp. 42:2-43:7; Deposition Exhibit 28.)

33. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

34. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

35. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

36. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

37. St. Paul does not dispute the factual statements set forth in this paragraph of Plaintiffs' Rule 12.1 Statement insofar as they only purports to characterize the testimony of Michael Brozost. However, insofar as it may be proffered to establish that "Erwin Pearl was covered in the full amount in the interim until replacement coverage could be replaced . . .," St. Paul disputes the assertion and states that the amount of coverage afforded under St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003, was $25,000. See Exhibit 85, the certified copy of policy, which includes an endorsement processed on April 18, 2003, and another endorsement processed March 1, 2004, which correctly reflects that the limit of coverage for the additional benefit of Employee Theft and Dishonesty is $25,000. See also, Judith Wright Deposition, Vol. 2, pp. 13:3-13 and Deposition Exhibit 49, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted

St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000.

38. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

39. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

40. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

41. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

42. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

43. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

44. St. Paul disputes the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement insofar as they are inconsistent with the fact that that the amount of coverage afforded under St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003, was $25,000. See Exhibit 85, the certified copy of policy; see also, Judith Wright

Deposition, Vol. 2, pp. 13:3-13 and Deposition Exhibit 49, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000.

45. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

46. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

47. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

48. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

49. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

50. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

51. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

52. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment. Further answering, St. Paul states that the endorsement referenced in this paragraph did not change the terms of the

policy that were agreed to by Plaintiffs. See Judith Wright Deposition, Vol. 2, pp. 13:3-13 and Deposition Exhibit 49, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000.

53. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

54. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

55. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

56. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

57. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

58. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement; however, St. Paul states that the facts set forth in this paragraph are not material to any issue presented in Plaintiffs motion for summary judgment.

59. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement insofar as they are consistent with the fact that that the amount of coverage afforded under St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003, was $25,000. See Exhibit 85, the certified copy of policy; see also, Judith

Wright Deposition, Vol. 2, pp. 13:3-13 and Deposition Exhibit 49, "by virtue of Mr. Brozost's signature on Exhibit 49" (the proposal for the renewal of St. Paul Policy No. CK05700250, for the period effective October 20, 2002 to October 20, 2003), Plaintiffs accepted St. Paul's proposal that reduced the limit of coverage for loss caused by employee theft or dishonesty to $25,000.

60. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

61. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

62. St. Paul does not dispute the factual statements made in this paragraph of Plaintiffs' Rule 12.1 Statement.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

By its attorneys,

Stephen H. Burke RI Bar I.D. No. 2759
**Ratcliffe, Burke, Harten & Ellis, LLP**
1600 Financial Plaza
Providence, RI 02903
401-331-3400
Fax: 401-331-3440

Anthony R. Zelle
**Denner O'Malley LLP**
4 Longfellow Place, 35th Floor
Boston, MA 02114
617-557-5937
Fax: 617-557-5999

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of September, 2005, to:

| | |
|---|---|
| Robert K. Taylor, Esq.<br>**Partridge Snow & Hahn LLP**<br>180 South Main Street<br>Providence, RI 02903-7120 | Mark E. Cohen, Esq.<br>**The McCormack Firm, LLC**<br>One International Place - 7th Floor<br>Tel: (617) 951-2929<br>Fax: (617) 951-2672 |
| Anthony R. Zelle, Esq.<br>**Denner O'Malley, LLP**<br>Four Longfellow Place, 35th Floor<br>Boston, MA 02114 | John J. Flanagan, Esq.<br>2348 Post Road<br>Warwick, RI 02886<br>(401) 732-4480<br>(508)541-6050(fax) |
| | |

Margaret M. Panosian

Margaret M. Panosian