# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ARMBRUST INTERNATIONAL, LTD.
and ERWIN PEARL, INC.,
Plaintiffs,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
Defendants.

C.A. No. 04-212 ML

## PLAINTIFFS' RESPONSE TO TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S STATEMENT OF UNDISPUTED FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 12.1, Plaintiffs Erwin Pearl, Inc. and Armbrust International, Ltd. submit the following response to Travelers Casualty & Surety Company of America's ("Travelers") Rule 12.1 Statement of Material Facts Not In Dispute.

1. Travelers incorporates by reference Plaintiffs' Undisputed Facts, to the extent not contested by Travelers.

2. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 2.

3. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute that Michelle Kyles Gardner embezzled checks on the dates and in the amounts listed on Exhibit C to Travelers' Rule 12.1 Statement. Plaintiffs dispute that the total amount of the loss that occurred during the time that Travelers' fidelity coverage was in effect was $1,144.08. The total amount of the loss that occurred exceeded $300,000. Plaintiffs' Undisputed Fact No. 57.

4. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 4, except that the date should February 25, 2003, not February 25, 2002.

5. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 5.

6. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 6, except that Travelers added the fidelity coverage effective February 25, 2003 at the request of its agent, The Preston Agency. Plaintiffs' Undisputed Facts Nos. 34, 42-45.

7. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 7, except that the Travelers 2003-2004 policy speaks for itself.

8. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 8.

9. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 9, except that Michael Brozost's contemporaneous letter states that he was told that "Travelers might take the position that it is liable for a minor portion of the loss since it is only liable for losses which occur during the period of the Travelers policy." Dullea Ex. 37.

10. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 10.

11. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 11, except that Plaintiffs' agreement that coverage for employee dishonesty under the St. Paul policy is triggered

by the discovery of the loss is subject to the Court's confirmation of Plaintiffs' analysis of Rhode Island law.

12. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 12, except that Plaintiffs purchased fidelity coverage from Travelers only after St. Paul indicated that it intended to terminate Plaintiffs' $500,000 employee dishonesty coverage and refused to offer that coverage going forward for any amount over $250,000. Plaintiffs' Undisputed Facts Nos. 35, 37, 39.

13. Plaintiffs dispute the statements in paragraph 13 on the grounds that they represent legal conclusions, not statements of fact. As set forth in Plaintffs' Reply to Travelers' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, an insurance agent empowered merely to solicit or accept applications is an agent of the insured, while an agent with authority to bind the insurer represents the insurer. *See, e.g., AAA Pool Service v. Aetna Casualty & Surety*, 479 A.2d 112 (R.I. 1984).

14. For the sole purpose of the Court's consideration of the parties' cross-motions for summary judgment, Plaintiffs do not dispute the factual statements in paragraph 14, except that the quoted language is from a 2005 Internet web page and there is no evidence that the web page existed prior to 2005. Capone Depo. at 16-17.

ARMBRUST INTERNATIONAL, LTD.
and ERWIN PEARL, INC.

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: October 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFF' RESPONSE TO TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S STATEMENT OF UNDISPUTED FACTS was mailed, postage prepaid, on this 17th day of October, 2005 to:

Anthony R. Zelle, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

John J. Flanagan, Esq.
2348 Post Road
Warwick, RI 02886

Stephen H. Burke, Esq.
Ratcliffe, Burke, Harten & Ellis LLP
1600 Financial Plaza
Providence, RI 02903

Robert J. Maselek, Jr., Esq.
Mark E. Cohen, Esq.
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

822600_1/3119-3